UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS BURNS                                           CIVIL ACTION

VERSUS                                                 NO. 14-2242

WESTWEGO POLICE DEPARTMENT, ET AL.                     SECTION "I" (1)

## REPORT AND RECOMMENDATION

Plaintiff, Thomas Burns, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the Westwego Police Department and unidentified officers.  In this lawsuit, plaintiff alleged that excessive force was used to effect his arrest on November 14, 2013, and that he was denied medical care for his resulting injuries.[1]

On October 10, 2014, the Court issued an order notifying plaintiff that the Westwego Police Department was not a proper defendant and directing that, on or before November 17, 2014, he file an amended complaint to properly identify and name as defendants the persons who allegedly violated his rights.  He was warned that the undersigned would recommend that this lawsuit be dismissed if no amended complaint was filed.[2]  That order, which was mailed to plaintiff at the Ouachita Correctional Center, his address of record, was returned by the postal service as undeliverable on October 20, 2014, bearing a notation stating "RTS not here."[3]  To date, no amended complaint has been filed.

---

[1]    Rec. Doc. 1.  The complaint was originally filed in the United States District Court for the Western District of Louisiana, and then the matter was subsequently transferred to this Court.  Rec. Doc. 3.

[2]    Rec. Doc. 6.

[3]    Rec. Doc. 8.

On November 3, 2014, the Westwego Police Department filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4]  The Court ordered plaintiff to file a response to that motion on or before November 19, 2014.[5]  That order, which was likewise mailed to plaintiff at his address of record, was also returned by the postal service as undeliverable.[6]  To date, no response to the motion has been filed.  For the following reasons, that motion should be granted.

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."  Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and ellipsis omitted).  Accordingly, Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted.  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Here, the Westwego Police Department argues that the claim against it must be dismissed because it is not a juridical entity capable of being sued.  The department is clearly correct.  Martin

---

[4]   Rec. Doc. 9.

[5]   Rec. Doc. 10.

[6]   Rec. Doc. 11.

v. Davis, Civ. Action No. 06-1770, 2007 WL 763653, at *2 (E.D. La. Mar. 8, 2007) ("Under Louisiana law, police departments are not juridical entities capable of suing or being sued.  This Court, as well as other Louisiana courts, has consistently held that a plaintiff's suit against a police department should be dismissed because the police department is not a juridical entity." (citation omitted)).  Therefore, the department's unopposed motion should be granted.

As to the unidentified officers involved in the incident, even if those officers had been properly named as defendants, which they were not,[7] the claims against them should be dismissed for failure to prosecute for the following reasons.

This Court's Local Rules provide:  "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change."  Local Rule 11.1.  Moreover, it is clear that plaintiff was in fact aware of that obligation, in that his complaint included the following declaration:  "I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed."[8]

Additionally, this Court's Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a
> current e-mail or postal address may be considered cause for
> dismissal for failure to prosecute when a notice is returned to the

---

[7]   As noted, the officers were not identified in the complaint; rather, plaintiff simply stated that "name of officers will be on incident report."  Rec. Doc. 1, p. 3.  However, it is clear that a § 1983 action must be filed against actual identified persons.  Ates v. St. Tammany Parish, Civ. Action No. 13-5732, 2014 WL 1457777, at *4 (E.D. La. Apr. 15, 2014); Francis v. Terrebonne Parish Sheriff's Office, Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); Vollmer v. Bowles, Civ. Action No. 3:96-CV-0081, 1997 WL 102476, at *2 (N.D. Tex. Feb. 28, 1997).

[8]   Rec. Doc. 1, p. 5.

3

> court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1.  As already noted, more than thirty-five days ago, mail sent to plaintiff at the Ouachita Correctional Center, his address of record, was returned by the United States Postal Service as undeliverable because he was no longer incarcerated at that facility.[9]

In light of the foregoing, it is appropriate to dismiss plaintiff's claims against the unidentified officers for want of prosecution.  The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear.  Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits.  Fed.R.Civ.P. 41(b).  The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.  Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b).  As noted, plaintiff has failed to provide the Court with his current address despite being aware of his obligation to do so, and mail sent to him at his address of record has been returned as undeliverable.  Due solely to plaintiff's failure, his

---

[9]    Rec. Doc. 8.  Subsequent mail was also returned as undeliverable for that same reason.   Rec. Doc. 11.

4

whereabouts are unknown, and this Court has no way to advance this case on the docket. Accordingly, his claims against the unidentified officers should be dismissed for failure to prosecute.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the Westwego Police Department's unopposed motion to dismiss, Rec. Doc. 9, be **GRANTED** and that the claims against that defendant be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's claims against the remaining unidentified defendants be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[10]

New Orleans, Louisiana, this twenty-fifth day of November, 2014.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[10]    Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.